```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF CALIFORNIA


UNITED STATES OF AMERICA,    )    1:05-cr-0482 OWW
                             )
          Plaintiff,         )    ORDER RE: MOTIONS IN LIMINE
                             )
    v.                       )
                             )
RONALD VAUGHN, JR.,          )
                             )
          Defendant.         )
                             )
_____)
```

In limine motions were heard on January 3, 2008, in Courtroom 3 of the above-captioned Court.  Plaintiff United States of America was represented by Jill Trumbull-Harris, Esq., and David Gappa, Esq.  Defendant was represented by Richard P. Berman, Esq.  After full opportunity to be heard the following orders are entered:

    1.   **Motion In Limine No. 1**:  to exclude evidence of criminal wrongdoing while a law enforcement officer.  No specific offer of proof has been made concerning any alleged criminal wrongdoing by Defendant.  Any such evidence will have to be identified before it is presented.  The Court reserves ruling.  This motion is DENIED WITHOUT PREJUDICE.

    2.   **Motion In Limine No. 2**:  to exclude expert opinion and

1

1  lay testimony concerning images alleged in Count 1 and
2  2.  Experts' testimony may address the electronic and physical
3  existence of any such images.  The characterization of such
4  images as child pornography is reserved for determination by the
5  jury.  No expert concerning the age of any child who is the
6  subject of an image has been designated.  To the extent opinions
7  on computer forensics are offered, the motion is DENIED.  To the
8  extent that opinions in the form of legal conclusions are sought
9  to be elicited, the motion is GRANTED.

    3.  <u>Motion in Limine No. 3</u>:  other act computer information.  The government has provided 404(b) designations of computer information it intends to refer to in its case in chief.  Subject to the specific text of such information, which is to be highlighted and provided by the government's expert by the close of business on January 16, 2008, the Court RESERVES its ruling on this motion.

    4.  <u>Motion in Limine No. 4</u>:  to exclude all text string titles from evidence.  DENIED WITHOUT PREJUDICE.  The government shall lay a foundation to establish that words, symbols, or combinations of words and symbols are indicia of child pornography.

    5.  <u>Motion in Limine No. 5</u>:  to exclude unidentified 404(b) evidence.  DENIED WITHOUT PREJUDICE.  See ruling on motion in limine number 3.

    6.  <u>Motion in Limine No. 6</u>:  to exclude expert opinion of Defendant's knowledge or intent:  GRANTED.  No experts in this case will testify as to any witness' mental state.  Mental capacity is not at issue.

7.  **Motion in Limine No. 7**:  to exclude the mention of counseling with licensed clinical social worker and statements of the Defendant.  DENIED.  Insufficient foundation for a joint confidentiality privilege has been established.  The defense may present a written joint confidentiality agreement executed by both the Defendant and Ramona Ramirez.

8.  **Motion in Limine No. 8**:  to exclude the mention of specially assigned prosecutor.  GRANTED.  The government agrees not to mention the background of co-counsel for the government, Ms. Trumbull-Harris.

9.  **Motion in Limine No. 9**:  to exclude testimony of Ramona Ramirez regarding pornography.  DENIED WITHOUT PREJUDICE.  Subject to the foundation of personal knowledge, Ms. Ramirez may testify to any direct observations of child pornographic images, without expressing a legal conclusion.  Ms. Ramirez may also testify to any statements about the subject made to her by Defendant.

10.  **Motion in Limine No. 10**:  to exclude material in Richard Kaplan's report regarding "IBM 30GB mini tower-HDD."  DENIED WITHOUT PREJUDICE subject to the government establishing the foundation that Defendant had possession of or access to any computer device utilized in any way to facilitate or to carry out any charged offense.

11.  **Motion in Limine No. 11**:  to exclude David Penrod's private personnel record.  GRANTED.  A confidentiality agreement prevents any public reference to the circumstances of David Penrod's separation from the Immigrations and Custom Enforcement Department of Homeland Security, except that it was a mutually

3

1 | agreed termination.

2 |     12.  <u>Motion in Limine No. 12</u>:  to exclude 404(b)
3 | evidence.  The Court has RESERVED the ruling subject to the
4 | disclosure by the government's expert, Mr. Kaplan, of the
5 | specific material to be offered as 404(b) evidence.

6 |     13.  <u>Motion in Limine No. 13</u>:  to exclude evidence of
7 | alleged wrongful acts by Vincent Jura.  GRANTED WITHOUT
8 | PREJUDICE.  Absent admissible evidence under Federal Rule of
9 | Evidence 608(b), 609 or 404(b), no such evidence shall be
10 | referred to or offered in the presence of the jury without prior
11 | notice to the Court, outside the presence of the jury.

12 |     14.  <u>Motion in Limine No. 14</u>:  to particularize and exclude
13 | proposed 404(b) evidence.  The ruling on this motion is RESERVED
14 | subject to the Court's receipt of the specific information that
15 | is the subject of 404(b) evidence, as will be highlighted by the
16 | government's expert, Mr. Kaplan.

18 | IT IS SO ORDERED.
19 | Dated:   January 15, 2008              /s/ Oliver W. Wanger
                                                UNITED STATES DISTRICT JUDGE